UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COREY EVANS, individually and on behalf of others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>DISTANCE LEARNING SYSTEMS INDIANA, INC.<br><br>Defendant. | **COLLECTIVE ACTION PURSUANT TO 29 USC § 216(b)**<br><br>Cause No. 15-CV-519 |

### COLLECTIVE ACTION COMPLAINT FOR DAMAGES

Comes now the Plaintiff, Corey Evans (hereinafter "Evans"), individually and on behalf of others similarly situated, by his counsel, and for his claim against the Defendant, Distance Learning Systems Indiana, Inc. (hereinafter "DLSI") alleges and says:

*A. Fair Labor Standards Action.*

1. Evans brings this collective action against DLSI pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 USC § 216(b), for minimum wage and overtime pay violations. Evans also brings this action for himself and all current and/or former employees of DLSI who were not paid at an overtime rate for hours worked over forty (40) in a work week.

2. Evans is a resident of the State of Indiana, and is domiciled in Indianapolis, Marion County, Indiana.

3. DLSI is a business engaged in providing educational services headquartered in Greenwood, Indiana.

HUNT, HASSLER,
LORENZ & KONDRAS LLP
100 Cherry St.
Terre Haute, IN  47807
(812) 232-9691
Fax (812) 234-2881

1

4. Evans worked for DLSI until January of 2015 at which time he was terminated.

5. DLSI has failed and refused to pay Evans overtime compensation for all hours which Evans worked in excess of forty hours per week. DLSI has similarly failed and refused to pay other employees overtime compensation for such work.

6. DLSI has intentionally and knowingly violated its employees' right to earned wages through its illegal practices regarding minimum wages and overtime compensation and continues to do so.

7. In Evans's case, as has been true in the cases of many current and former DLSI employees, DLSI has failed and refused to make a payment of accrued wages, at the minimum rate required by federal and state law.

8. Evans brings this action individually, as a collective action, and as a class action on behalf of other current and former DLSI employees who were as a result not paid overtime compensation required by law.

9. This action is filed as a collective action pursuant to Section 16(b) of the Fair Labor Standards Act, 29 USC § 216(b) on behalf of Evans and on behalf of all DLSI current and former employees who were damaged by DLSI"s illegal wage withholding practices (causing minimum wage violations), and also by DLSI's illegal overtime compensation practices.  By virtue of the "collective action," Evans represents the identical and/or similar interests of former and current co-workers denied wages under the same circumstance. Evans anticipates that other DLSI employees and former employees will opt in to the action upon notice.

10. The number of DLSI's current and former employees who will be members of this collective action are so numerous that joinder of all members is impracticable. Instead, Evans will

HUNT, HASSLER,
LORENZ & KONDRAS LLP
100 Cherry St.
Terre Haute, IN  47807
(812) 232-9691
Fax (812) 234-2881

2

pursue discovery to obtain the names of the other current and former DLSI employees, to provide notice of the collective action, and to offer the opt in opportunity.

11. Particularly with the types of wage claims and practices at issue in this case, there are questions of law and fact that are common to the entire collective group.

12. The claims of Evans, the representative party, are typical of the claims of the whole collective group of current and former DLSI employees harmed by DLSI's illegal wage practices.

13. Evans will act to fairly and adequately protect the interests of the entire collective group of current and former DLSI employees.

14. A concurrent collective action is superior to other available means for the fair and efficient prosecution of these wage claims against DLSI. For example, to prove DLSI's illegal wage practices, Evans and other members of this collective group would seek in discovery records about all similarly situated current and former DLSI employees to whom overtime compensation was denied. Individual lawsuits by the members of the collective group could lead to 1) inconsistent or varying outcomes in the cases, 2) duplicitous discovery, or 3) competition for limited funds. Further, as a practical matter, the first litigant to trial may achieve a result which would have bearing on all of the other individuals in the group.

15. A determination regarding the "similarness" of those able to participate in the collective action would also allow litigation of claims that may not otherwise be cost effective, depending upon the amount of individual group member injured by DLSI's actions. Some, if not most, of the individual group members may not be aware of their rights to their wages under Indiana law, or may not, because of financial means or experience, be in a position to seek the assistance of counsel to commence individual litigation.

HUNT, HASSLER,
LORENZ & KONDRAS LLP
100 Cherry St.
Terre Haute, IN  47807
(812) 232-9691
Fax (812) 234-2881

16. A concurrent collective action will result in an orderly and expeditious administration of the group members' claims, and economies of time, court resources, effort and expense, and uniformity of decisions will be assured.

17. This Court has jurisdiction over Evans's claims as his FLSA claims raise a question of federal law, 29 USC § 201 et seq.

18. This Court is the appropriate venue for this cause of action as Evans resides and worked for DLSI in Marion County, Indiana.

19. DLSI is an "enterprise," as that term is defined by the FLSA, covered by the overtime and minimum wage provisions of the FLSA. Further, Evans and all other similarly situated group members were "individually" covered and protected by the FLSA, as each was engaged in interstate commerce.

20. For all members of the collective group, DLSI violated the FLSA's minimum wage provisions when it did not compensate employees for hours worked. Additionally, DLSI violated the FLSA's overtime provisions by not paying employees, such as Evans, at an overtime rate for all hours worked over 40 in a work week.

21. DLSI's failure to comply with the FLSA's provisions regarding minimum wages and overtime compensation is willful and without justification, and subjects DLSI to a three year statute of limitations.

22. Evans seeks, for himself and all members of the collective group, all available damages, including unpaid wages, unpaid minimum wages, unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which they may be entitled for DLSI's violations of the Fair Labor Standards Act.

HUNT, HASSLER,
LORENZ & KONDRAS LLP
100 Cherry St.
Terre Haute, IN  47807
(812) 232-9691
Fax (812) 234-2881

### B. Claim Under Indiana Wage Acts

23. Evans incorporates herein by reference paragraphs 2 through 8 above.

24. Because Evans was terminated from his employment with DLSI, Evans's wage claims are governed by the Indiana Wage Claims Act, I.C. 22-2-9-0.1, et seq.

25. DSLI's failure to pay Evans's wages in full and on time subjects DLSI to penalties and damages under the Indiana Wage Claims Act. See I.C. 22-2-9-2. More than twenty (20) days have passed since DLSI could have last paid Evans his wages in full and on time, subjecting DLSI to the maximum penalties and damages under the Indiana Wage Payment Act. I.C. 22-2-5-2.

26. DLSI are obligated to pay Evans's reasonable attorney's fees, costs and expenses because DLSI violated Evans's rights under the Indiana Wage Claims Act.

WHEREFORE, Plaintiff, Corey Evans, individually and on behalf of members of the collective group of current and former employees of Distance Learning Services Indiana, Inc., requests that the Court enter judgment against Defendant, Distance Learning Services Indiana, Inc., and issue all available relief to him and to the entire collective group, including, but not limited to, the following:

1. All damages available under the FLSA, and Indiana law, including all unpaid minimum wages, all unpaid overtime wages, all liquidated damages and all penalties;

2. All reasonable attorney's fees and expenses;

3. Costs;

4. Pre-judgment interest, if applicable; and

5. Any and all other relief just and proper in the premises.

*HUNT, HASSLER,*
*LORENZ & KONDRAS LLP*
100 Cherry St.
Terre Haute, IN  47807
(812) 232-9691
Fax (812) 234-2881

5

                                        HUNT, HASSLER, LORENZ & KONDRAS LLP

                                By s/Robert F. Hunt
                                   Robert F. Hunt, Attorney Number 7889-84

                                100 Cherry Street
                                Terre Haute, IN 47807
                                (812) 232-9691
                                Facsimile: (812) 234-2881
                                hunt@huntlawfirm.net

*HUNT, HASSLER,*
*LORENZ & KONDRAS LLP*
100 Cherry St.
Terre Haute, IN  47807
(812) 232-9691
Fax (812) 234-2881

6